# SETTLEMENT AGREEMENT AND RELEASE

Northpoint Medical Associates P.C., Albert Slezinger, and Anele Slezinger, ("Defendants"), and Martha Gutierrez, ("Gutierrez") desire to avoid the costs, risks, and delays associated with litigation and to put to rest any and all possible disputes between the parties and therefore agree as follows:

1. **Definition of Parties**.

   a. "Plaintiff" shall be defined to include, but is not limited to, Martha Gutierrez, and all affiliated persons or entities, including, but not limited to, her present or former domestic partner, spouse, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of Ms. Gutierrez personally, she will be referred to as "Ms. Gutierrez."

   b. Plaintiff Martha Gutierrez was employed by Defendants Northpoint Medical Associates P.C., Albert Slezinger, and Anele Slezinger, from March 7, 2016 to November 8, 2016.

   c. "Defendants" shall be defined as Northpoint Medical Associates P.C., Albert Slezinger, and Anele Slezinger collectively.

   d. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendants on November 16, 2016, in the United States District Court, Southern District of New York, with Civil Action #: 16-CV-08920 (WHP)(JCF).

2. **Consideration**. In consideration for Ms. Gutierrez's signing this Agreement and the release of claims herein, Defendants Northpoint Medical Associates P.C., Albert Slezinger, and Anele Slezinger, agree to make the following payments:

   a. One check payable to "Martha Gutierrez" in the amount of Three Thousand Dollars ($3,000), less taxes and withholdings within ten (10) days of the date the Court approves this settlement agreement and dismisses the case with prejudice; *MG*

   b. One check payable to "Martha Gutierrez" in the amount of Five Thousand, Five Hundred and Sixty-Seven Dollars ($5,567), within ten (10) days of the date the Court approves this settlement agreement and dismisses the case with prejudice; *MG*

   c. One check payable to "Abdul Hassan Law Group, PLLC" in the amount of Seven Thousand, Nine Hundred and Thirty-Three Dollars, ($7,933), representing *MG* legal fees ($7,283), and costs ($650), within ten (10) days of the date the Court approves this settlement agreement and dismisses the case with prejudice; *NG*

1

     d.   The payments above shall be sent by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427. Plaintiff's Counsel shall hold the settlement payments until the seven-day revocation period has expired. Plaintiff has agreed to waive the 21-day review period.

     e.   Defendants shall issue an IRS form W-2 to Plaintiff for the portions of the settlement amount which constitutes wages, and an IRS form 1099-MISC (Box 3) to Plaintiff for the portion of the settlement amount representing liquidated damages and interest. Plaintiff's counsel will be issued an IRS form 1099-MISC (Box 14) for the payment of Plaintiff's counsel's legal fees. Plaintiff agrees to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority resulting from the issuance of an IRS form 1099 as a result of Plaintiff's failure to pay any taxes that Plaintiff owes related to said income.

    3.  **No Consideration Absent Execution of This Agreement**.  Plaintiff understands and agrees she would not receive the monies and/or benefits specified in Paragraph 2 above, except for her execution of this Agreement and the discontinuance of the Action with prejudice.

    4.  **Release of Claims by Plaintiff**.  In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all claims asserted in this action, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as of the date of execution of this Agreement.

    5.  **Acknowledgments and Affirmations**.

    a. Plaintiff affirms that in the Action she has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable and authorizes her attorney to seek from the Court, approval of the settlement as fair and reasonable under the FLSA.

    b. Plaintiff acknowledges, to the best of her knowledge and understanding, that she is not aware of any claims against Defendants except for those claims that are released by this Settlement Agreement and Release. Defendants, to the best of their knowledge and understanding, acknowledge that they are not aware of any claims against Plaintiff.

    c. Plaintiff acknowledges that she has been paid in full for all time worked and is owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours pay, call-in pay, vacation or sick pay, accrued benefits, bonus, or other compensation.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendant breaches any provision of this Agreement, Plaintiff and Defendant affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release language is found to be illegal or unenforceable, Plaintiff and Defendant agree to execute a binding replacement release(s).

7. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this

Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

       14.    **Competency to Waive Claims**.  At the time of considering or executing this Agreement, Ms. Gutierrez was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.  Ms. Gutierrez is competent to execute this Agreement.

       IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

| PLAINTIFF: | DEFENDANT: |
|---|---|
| **MARTHA GUTIERREZ** | **NORTHPOINT MEDICAL ASSOCIATES P.C.** |
| By: _[signature]_ | By: _____ |
| Date: _June 21, 2017_ | Print Name _____ |
| | Title _____ |
| | Date: _____ |
| | DEFENDANT: |
| | **ALBERT SLEZINGER** |
| | By: _____ |
| | Print Name _____ |
| | Title _____ |
| | Date: _____ |
| | DEFENDANT: |
| | **ANELE SLEZINGER** |
| | By: _____ |
| | Print Name _____ |
| | Date: _____ |